J-S11030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE M. JOHNSON | : | |
| | : | |
| Appellant | : | No. 934 WDA 2020 |

Appeal from the PCRA Order Entered August 20, 2020,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0016792-2008.

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 8, 2021**

Dale M. Johnson appeals *pro se* from the order denying as untimely his sixth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On July 28, 2009, a jury convicted Johnson of aggravated assault, burglary, robbery, and related offenses.  On October 22, 2009, the trial court imposed an aggregate sentence of 12 to 24 years of incarceration to be followed by a 5-year probationary term.  This Court affirmed Johnson's judgment of sentence on August 31, 2010, and our Supreme Court denied his petition for allowance of appeal on February 2, 2011.  ***Commonwealth v. Johnson***, 11 A.3d 1046

_____

[*] Retired Senior Judge assigned to the Superior Court.

(Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 825 (Pa. 2011). Johnson did not seek further review.

Johnson filed a timely PCRA petition on February 24, 2011. The PCRA court appointed counsel, who later filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing and Johnson filed a response. By order entered May 25, 2011, the PCRA court dismissed the petition because the claims raised therein were either waived, previously litigated, or devoid of merit. This Court affirmed the order denying post-conviction relief on May 4, 2012. **Commonwealth v. Johnson**, 50 A.3d 234 (Pa. Super. 2012) (unpublished memorandum).

In the years that followed, Johnson filed a series of PCRA petitions which the PCRA court denied based upon its determination that the petitions were untimely filed, and Johnson could not prove a time-bar exception. On May 20, 2020, Johnson filed a Petition for Writ of *Habeas Corpus Ad Subjiciendum*, which the PCRA court treated as Johnson's sixth PCRA petition. The Commonwealth filed an answer. On July 15, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Johnson's sixth PCRA petition without a hearing. Johnson filed a response. By order entered August 20, 2020, the PCRA court dismissed Johnson's petition as untimely filed. This *pro*

*se* appeal followed. Both Johnson and the PCRA court have complied with Pa.R.A.P. 1925.

Johnson raises the following issues on appeal:

1. Did the [PCRA] court err in dismissing [Johnson's] Petition for Writ of Habeas Corpus Ad Subjiciendum as an untimely 6th PCRA petition where the [***Brady v. Maryland***, 373 U.S. 83 (1963)] violation raised, was previously ignored in a prior appeal raised in a PCRA petition and denied under an unreasonable application of after-discovered facts pursuant to [42 Pa.C.S.A. section] 9545(b)(1)(ii), placing an unreasonable burden on [Johnson], stating that [Johnson] is time-barred because he did not exercise his due diligence by not asking Dayon Chambers, "Were there other witnesses?", although [Johnson] could not and did not personally speak with Chambers and a [***Brady***] violation does not have a time restriction element added to it?

2. Did the [PCRA] court err by ignoring again and denying [Johnson's] illegal sentence claim as if he raised an [***Alleyne v. United States***, 570 U.S. 99 (2013)] claim which is not the case?

Johnson's Brief at 3 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

Initially, we note that the PCRA court correctly treated Johnson's latest filing as his sixth PCRA petition. "[T]his Court has consistently held that,

pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. *See Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754, 770 (2013) (holding that "[t]he PCRA at Section 9542 subsumes the remedies of habeas corpus and coram nobis."). When a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. *Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016).

Before addressing the issues Johnson raises on appeal, we must first determine whether the PCRA court correctly determined that his sixth PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for

the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Johnson's judgment of sentence became final on May 3, 2011, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Johnson had until May 3, 2012, to file a timely petition. Because Johnson filed his sixth petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Johnson has failed to prove any exception to the PCRA's time bar. We first note that he has litigated the newly discovered evidence exception based on Mr. Chambers' affidavits in multiple previous PCRA petitions. The fact that Johnson believes the claim was wrongly decided does not alter the fact that this claim was previously litigated under the PCRA and cannot serve as a basis for relief. ***See*** 42 Pa.C.S.A. § 9544(a)(3).

Johnson also claims his illegal sentencing claim was not properly addressed. Once again, this claim was previously litigated under the PCRA. Section 9544(a)(3), **supra**. Although a legality of sentencing issue may be raised at any time, this Court must first have jurisdiction over the matter. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). In other words, a legality of sentencing issue must be raised in a timely filed PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). As Johnson's sixth PCRA petition is patently untimely, we lack jurisdiction to consider his illegal sentencing claim.

In sum, our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Johnson's sixth petition because it is untimely, and Johnson has not established a time-bar exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2021

- 6 -